UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| E. TRACY WATTS BENNETT,<br><br>      Plaintiff<br><br>v.<br><br>SHERIFF DAVID ANDREWS, *et al.*,<br><br>      Defendants | No. 2:13-0128<br>Chief Judge Sharp/Brown<br>**Jury Demand** |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 21) be granted and this case be dismissed under Rule 41 for lack of prosecution and for failure to obey court orders.

### BACKGROUND

The Plaintiff, acting *pro se*, filed his complaint against Sheriff Andrews and others on December 9, 2013, *in forma pauperis* (Docket Entry 1). He alleged that he was booked into the Putnam County Jail in December of 2012. At the time he was booked he had a fractured left arm that was infected and swollen. He alleges that he was not provided adequate treatment for this broken arm, and as a result of the Defendants' failure to provide treatment he suffered injuries that are now permanent. He also alleges that he was not given necessary pain medication.

The Plaintiff's application to proceed *in forma pauperis* was approved on December 17, 2013, and service of process was directed as to one Defendant. The Plaintiff was cautioned that the

prosecution of the case would be jeopardized if he failed to keep the Clerk's office informed of his current address.

The one remaining Defendant in the case, Dr. Bates, was served and filed an answer on February 24, 2014 in the matter (Docket Entries 8 and 15).

The Plaintiff filed a change of address with the Clerk on February 24, 2014 (Docket Entry 16).

Unfortunately, the undersigned did not set this matter for a scheduling order and nothing further was done until the Defendants filed the present motion to dismiss for lack of prosecution. The undersigned entered an order on November 26, 2015, giving the Plaintiff 14 days in which to respond to the motion to dismiss and to show cause why the Magistrate Judge should not recommend the case be dismissed without prejudice for failure to prosecute. As of the date of this report and recommendation the Plaintiff has not responded.

**LEGAL DISCUSSION**

Under Local Rule 7.01(b), failure to respond to a motion can be taken as the non responding party having no opposition to the granting of the motion. Local Rule 41.01 provides that a civil action that has been on the docket for six months without any responsive pleading or other court proceedings, shall be dismissed as a matter of course, but the dismissal shall be without prejudice to refile or to move the court to set aside the order of dismissal for just cause.

There has been no action in this case for well over six months. It appears that someone at the Plaintiff's address received the certified order directing the Plaintiff to respond to the motion to dismiss (Docket Entry 24).

The Court must be able to control its docket and manage its cases. Had the Plaintiff shown any indication that he wished to proceed with his case, the Magistrate Judge would have recommended denying the motion to dismiss given the Plaintiff's *pro se* status. However, the Plaintiff's failure to obey a Court order puts the case in a different posture.

Previously, the Magistrate Judge would consider the fact that the Court did not enter a scheduling order as excusing the Plaintiff from taking any action. However, when the Plaintiff was given a direction to show cause, he simply ignored the order.

Dismissal with or without prejudice is a drastic action and should not be undertaken lightly. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999). Considering the 4 factors set out in this case, It appears that the Plaintiff's failure to respond to the Court's order to show cause was willful. Although the Defendant does not indicate any prejudice in the matter, the passage of time always makes the case more difficult for both sides. The Plaintiff was specifically warned that failure to respond to the show cause order could result in the dismissal of his case. Finally, although failure to obey a court order could result in a dismissal with

prejudice, the Magistrate Judge will nevertheless recommend that the case be dismissed without prejudice.[1]

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and for failure to obey court orders under Rule 41(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 21st day of December, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] If the Plaintiff elects to refile he will need to check on the Tennessee statute of limitations which may bar the refiling of the case.